**IMG-195**                                              **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 09-1785
_____

BING LIN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-687-579)
Immigration Judge: Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010
Before: SCIRICA, SMITH and WEIS, Circuit Judges
Opinion filed: May 19, 2010
_____

OPINION
_____

PER CURIAM.

Petitioner, Bing Lin, seeks review of the Board of Immigration Appeals'

(BIA) final order of removal. For the following reasons, we will deny her petition.

I.

Lin, a native and citizen of China, entered the United States without proper

`documentation in September 2004 and was charged with removability under INA §

212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)].  Lin sought asylum, withholding of

removal, and relief under the Convention Against Torture (CAT) on the ground that she

had been forced to abort a pregnancy shortly before she left the country.  See 8 U.S.C. §

1101(a)(42).

Lin testified to the circumstances surrounding the abortion at her removal

hearing. Lin told the court that the incident occurred in January 2004, when she was

twenty-four years old, unmarried, and living at home with her parents in Xiaoao Town,

Lianjiang County of Fujian Province.  She was at least one month pregnant at the time.

Lin explained that in Xiaoao Town, all unmarried women were required to report to the

local government for a mandatory gynecological checkup in January, but she did not do

so.  As a result, several days after failing to appear for her appointment, government

officials arrived at her home, took her to the hospital, and forced her to take a pill to abort

her pregnancy.  Lin stated that she was also ordered to pay a fine for her unlawful

pregnancy, and, although she initially refused to pay it, she was arrested and detained

until her father went to the police station and made the payment.  Lin told the court that,

after the abortion, village elders had harassed her and her family, and that she was afraid

to go home because the villagers are still looking for her.

In support of her applications, Lin submitted a document titled "Family

planning birth control surgery certificate" from the Xiaoao Clinic confirming that she had

2

undergone "early artificial labor." (AR 000228.) Lin also claimed that her parents wrote a letter on her behalf, but she did not have the letter with her. Lin did not submit any other letters or affidavits to verify her story.

The government disputed the authenticity of the family planning certificate by submitting a Department of Homeland Security (DHS) report stating that an immigration officer had investigated the certificate and had determined that it was fraudulent.

Following the hearing, the IJ denied Lin's applications for asylum on the ground that she had failed to satisfy her burden of proof. Lin filed a timely notice of appeal to the BIA. While her appeal was pending, Lin filed a motion asking the IJ to reconsider her case in light of two new pieces of evidence: the letter from her parents that she had mentioned at her hearing, and an affidavit of her own supplying the court with the details of her story that the IJ had found lacking. Because the BIA had already taken jurisdiction of the case, the IJ forwarded her motion to the BIA. See 8 C.F.R. § 1003.23(b)(1).

Upon review, the BIA affirmed the IJ's decision denying Lin's applications for asylum, withholding of removal, and relief under the CAT, and denied her motion for reconsideration.[1] Lin now seeks review of the BIA's decision.

_____

[1] The government filed a motion for summary affirmance, but the Board denied its motion and issued a written opinion.

3

II.

We have jurisdiction to review the BIA's order of removal under 8 U.S.C. § 1252(a)(1). When, as in this case, the BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA's, not the IJ's, decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We will sustain the BIA's decision if there is substantial evidence in the record to support it. Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003). Under this deferential standard, the BIA's decision will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Id.

III.

On appeal, Lin first argues that the IJ erred in applying the provisions of the REAL ID Act of 2005 to her case because she filed her asylum application before the Act became effective in May 2005. When she raised this argument to the BIA, the majority of the panel members agreed that the Act did not apply to her claims, but deemed the IJ's error harmless because it found no clear error under pre-REAL ID Act standards.[2] Lin now argues that the BIA erred in deeming the error harmless, and requests that the matter be remanded to the IJ for consideration under the appropriate standard. We see no error in the BIA's decision to evaluate the IJ's findings of fact under the proper legal standard.

---

[2] One member of the panel dissented, stating that he would instead remand the matter to the IJ.

Next, Lin challenges the agency's reliance on the DHS investigation report to reject the authenticity of the "Family planning birth control surgery certificate" that she submitted to corroborate her claim. Lin argues that the agency's reliance on this report violated her due process rights because the report contained multiple levels of hearsay and was completely unreliable. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). We need not reach this argument, however, because even assuming that the abortion certificate is authentic, substantial evidence supports the BIA's finding that it was reasonable to expect more corroboration and that there was no satisfactory explanation for its absence. See Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir. 2006). As the IJ explained, Lin failed to provide a reasonable explanation for the absence of letters or affidavits from her parents, whom she claims were both involved in her coerced abortion. In addition, Lin failed to explain why she did not submit any independent corroboration from her aunt, who allegedly obtained the abortion certificate on her behalf. Given the absence of this evidence, and considering the record as a whole, we agree with the BIA and the IJ that Lin failed to meet her burden of proof. See, e.g., Chen v. Gonzales, 434 F.3d 212, 220 (3d Cir. 2005) (holding that substantial evidence supported the IJ's determination that asylum applicant failed to corroborate her forced-abortion claim).

Lin next argues that the IJ improperly "took over" the government's cross-examination at the hearing, and "turn[ed her] testimony inside out regarding a minor point

5

far outside the periphery of [her] claim." (Br. 18.) This misconduct, Lin argues, "indicates a predisposition to focusing on minor points in [her] claim rather than reviewing the evidence as a whole." (Br. 18.) We have carefully reviewed the record and cannot agree; nothing in the record suggests to us that the IJ failed to fully and fairly adjudicate Lin's case.[3]

Finally, Lin argues that the BIA abused its discretion in denying her motion to reopen. We disagree, as Lin plainly failed to satisfy the standard for reopening—i.e., she failed to demonstrate that the additional evidence was unavailable or undiscoverable at the time of her initial removal hearing. See 8 C.F.R. § 1003.2(c)(1).

We have considered Lin's remaining arguments and conclude that they are without merit. Therefore, we will deny the petition for review.

---

[3] To the extent that Lin argues that the IJ erred in failing to review her motion to reconsider, we note that this was entirely proper, as the IJ lacked jurisdiction to do so. See 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may not reconsider or reopen a case in which jurisdiction is vested with the BIA).